# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHALETHA PAGE, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN K.K. AND H.M. | CIVIL ACTION |
| VERSUS | No. 17-9451 |
| JNJ EXPRESS, INC. ET AL. | SECTION I |

## ORDER AND REASONS

On April 24, 2016, plaintiff Shaletha Page ("Page") was driving southbound on I-55 in Batesville, Mississippi, with her two minor children.[1] At the same time, the driver of a tractor-trailer owned by defendant JNJ Express, Inc. ("JNJ") and insured by defendant Cherokee Insurance Company ("Cherokee") (collectively, "defendants") attempted to merge into Page's lane of traffic.[2] The tractor-trailer struck Page's vehicle in the process, injuring Page and her children.[3]

Defendants—neither of whom is incorporated, nor maintains its principal place of business, in Louisiana[4]—now move[5] to dismiss Page's case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and under Federal Rule of Civil Procedure 12(b)(3) for improper venue. As an alternative to dismissal

---

[1] R. Doc. No. 1, ¶ 4.
[2] *Id.* ¶¶ 5-6, 9-10.
[3] *Id.* ¶¶ 6, 11-13.
[4] *See id.* ¶ 1.
[5] R. Doc. No. 7.

1

and pursuant to 28 U.S.C. § 1406(a),[6] defendants ask the Court to consider transferring the case to the U.S. District Court for the Northern District of Mississippi, Oxford Division—the federal judicial district in which the accident occurred. Page opposes[7] the motion.

## I.

The power of the Court to require a nonresident defendant to appear before it and to submit to its will is a great power—one that the Court may exercise only within constitutional and statutory bounds. As the Fifth Circuit has explained, "[a] federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "In determining whether a defendant is subject to personal jurisdiction, a district court must accept as true the uncontroverted factual allegations in the plaintiff's complaint; a *prima facie* showing is all that is required." *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (internal citations omitted).

Louisiana's long-arm statute "extends personal jurisdiction of courts sitting in Louisiana, including federal courts, to the limits permitted under the due process

---

[6] Title 28, United States Code, § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."
[7] R. Doc. No. 8.

2

clause of the Fourteenth Amendment." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 624 (5th Cir. 1999); *see also* La. R.S. § 13:3201 (Louisiana's long-arm statute). Thus, whether the Court possesses personal jurisdiction over the nonresident defendants in this case "depends on the parameters of federal due process." *Telephone Elec. Corp. v. S. Pac. Telecomm. Co.*, No. 95-31037, 1996 WL 556856, at *2 (5th Cir. Sept. 10, 1996).

The Fourteenth Amendment's Due Process Clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Guidry*, 188 F.3d at 624 (internal quotation marks omitted); *see also* U.S. Const. amend. XIV, § 1. "Personal jurisdiction comports with due process when first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to jurisdiction in the forum state would not infringe on 'traditional notions of fair play and substantial justice.'"[8] *Companion Prop. & Cas.*, 723 F.3d at 559 (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

---

[8] "In determining whether or not exercise of jurisdiction is fair and reasonable, defendants bear the burden of proof and it is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *McFadin*, 587 F.3d at 759-60 (internal quotation marks omitted). When conducting the fairness inquiry, courts consider "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

"The 'minimum contacts' prong of the due process analysis may be subdivided into two different classifications of personal jurisdiction depending on the types of contacts the nonresident defendant has with the forum state"—namely, "specific" personal jurisdiction and "general" personal jurisdiction. *Telephone Elec. Corp.*, 1996 WL 556856, at *2.

> For specific personal jurisdiction, a plaintiff makes a *prima facie* showing of minimum contacts when his claim arises from the defendant's contact with the forum. For general personal jurisdiction, a plaintiff makes the requisite showing when that defendant's contacts are "continuous and systematic," so that the exercise of jurisdiction is proper irrespective of the claim's relationship to the defendant's contact with the forum.

*Companion Prop. & Cas.*, 723 F.3d at 559.

Ultimately, the "touchstone" of the minimum contacts inquiry "is whether the defendant's conduct shows that it reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759 (internal quotation marks omitted). "The defendant must not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Id.* (internal quotation marks omitted).

## II.

Page concedes that she is unable to make the necessary *prima facie* showing to support the Court's exercise of specific personal jurisdiction over defendants in

4

this case.⁹  Therefore, the Court must determine whether Page has alleged facts sufficient to support its exercise of general personal jurisdiction over defendants.

As the Court previously noted, a court's exercise of general personal jurisdiction over a defendant is appropriate only where the defendant's contacts with the forum state are "continuance and systematic."  Such contacts render the defendant "essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

"The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business."  *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014)).  In this case, JNJ is incorporated, and maintains its principal place of business, in Tennessee.¹⁰  Cherokee is incorporated, and maintains its principal place of business, in Michigan.¹¹

However, the exercise of general personal jurisdiction over defendants is not necessarily limited to Tennessee and Michigan, respectively.  "[I]n an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'"  *Id.* (quoting *Daimler*, 134 S. Ct. at 761 n.19); *see also Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) (an example of such an "exceptional case").  The question,

---

[9] *See* R. Doc. No. 8, at 4.  For a summary of the Fifth Circuit's three-step analysis for specific personal jurisdiction, see *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).
[10] R. Doc. No. 1, ¶ 1.
[11] *Id.*

5

then, is whether defendants' Louisiana operations are "so substantial and of such a nature" that defendants may be considered "at home" in Louisiana

With respect to JNJ, Page alleges that JNJ "only actively hires drivers in 15 states, Louisiana being one of those states."[12] Page further alleges that JNJ "has truck tractors with license plates registered in Louisiana" and "has [had] at least three reported accidents in Louisiana in last two years [sic]."[13] With respect to Cherokee, Page alleges that Cherokee has been "registered with the Louisiana Department of Insurance" since 1958 and has "receive[d] premiums inside of Louisiana to the tune of $108,542.00."[14]

These allegations are woefully insufficient to support the Court's exercise of general personal jurisdiction over defendants. To gauge their insufficiency, one need look no further than the Supreme Court's most recent word on general personal jurisdiction: *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549 (2017).

In *BNSF*, the defendant railroad company was incorporated in Delaware and maintained its principal place of business in Texas. *BNSF*, 137 S. Ct. at 1554. However, the company was "doing business" in Montana (and 27 other states). *Id.* at 1553-54. Indeed, the company was doing a lot of business in Montana: it had about 2,061 miles of railroad track, and employed about 2,100 workers, in the state. *Id.* at 1554.

---

[12] *Id.*
[13] *Id.* One of those accidents allegedly occurred in the New Orleans area within the last year. *See id.*
[14] *Id.* Page does not explain over what period of time Cherokee allegedly received the $108,542 in premiums. *See id.*

6

Yet despite these arguable substantial contacts with Montana, the Supreme Court concluded that the railroad company was not "at home" there and so it was not susceptible to general personal jurisdiction there. *Id.* at 1559. The Supreme Court pointed out that the company's 2,061 miles of railroad track in Montana accounted for only about 6% of its total track mileage, and its 2,100 workers for less than 5% of its total work force. *Id.* at 1554. Moreover, the company generated less than 10% of its total revenue, and maintained only one of its 24 automotive facilities, in Montana. *Id.*

*BNSF* thus stands as a reminder to the lower courts and the parties who litigate before them that "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts," but instead "calls for an appraisal of a corporation's activities in their entirety." *Id.* at 1559. After all, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* (alteration in original).

Page's scant allegations regarding defendants' operations in Louisiana and how their Louisiana operations compare to their national operations come nowhere near making the requisite *prima facie* showing that defendants are "at home" in Louisiana. The Court thus concludes that it does not possess personal jurisdiction over either JNJ or Cherokee in this case. *Cf. id.* at 1554 ("Our precedent . . . explains that the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not 'at home' in the State and the episode-in-suit occurred elsewhere.").

7

## III.

In their motion, defendants ask the Court to transfer the case, rather than dismiss it, to the U.S. District Court for the Northern District of Mississippi, Oxford Division.[15] Page has likewise represented to the Court that she prefers transfer over dismissal in the event that the court concludes that personal jurisdiction over defendants is lacking.[16] Therefore, in light of the Court's ruling, the Court understands all parties to consent to transfer of this case to the U.S. District Court for the Northern District of Mississippi, Oxford Division. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action . . . to any district or division to which all parties have consented.").

Accordingly,

**IT IS ORDERED** that defendants' motion is **GRANTED** and that the above-captioned matter is **TRANSFERRED** to the U.S. District Court for the Northern District of Mississippi, Oxford Division.

New Orleans, Louisiana, January 2, 2018.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. No. 7-2, at 9.
[16] *See* R. Doc. No. 9.